UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA RODRIGUEZ, MANUAL CAMACHO, DIMITRI DEJESUS, a Minor, by and through his mother VANESSA RODRIGUEZ, <br><br>Plaintiffs,<br>vs.<br><br>CITY OF BERWYN,<br>Berwyn Police Officers<br>KARLAS ROBINZINE, Star No. 205,<br>ROBERT ARNONY, Star No. 218,<br>TIMOTHY KESKE, Star No. 200,<br>JIM RITZ, Chief of Police<br><br>Defendants. | NO. 2016-CV-5106<br><br>Judge Gary Feinerman |

## DEFENDANT ROBINZINE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant **KARLAS ROBINZINE,** by his attorney EDMUND P. WANDERLING, submits this Memorandum of Law in support of his Motion for Summary Judgment as to all counts filed against him pursuant to Fed. R. Civ. P. 56 and states as follows:

### INTRODUCTION

The Plaintiffs' allege that Defendant Robinzine spearheaded as multi-year campaign of harassment, oppression and discrimination against the Plaintiffs along with Defendants Arnony and Keske. They premise their allegations with a series of text messages between Robinzine and

his now wife Rubia Rodriguez. (See Doc. 1, par. 30). These texts occurred in October-November 2014.[1]

This so called crusade started with a burglary allegation made by Rubia against her daughter, Plaintiff Vanessa Rodriguez in February 2014. (SOF §21)

While the Plaintiff's complaint alleges Robinzine schemed and directed Rubia to file a bogus complaint that the Plaintiff's burglarized her home, (see Doc. 1, par. 20) such is not true as no complaint was ever filed for any burglary. The complaint goes on and states no arrests were made for the alleged burglary. (See Doc. 1, par. 25).

As to the text messages which are Exhibit A to the Complaint, (see Doc. 1, Ex. A) it is alleged that one of Robinzine's text messages stated "Arnony is going to arrest Camacho (sic) and let the Court handle the rest". (See Doc. 1, par. 33).[2]

In July 2014, Rubia Rodriguez called 911 for the Berwyn Police and alleged that Plaintiff Camacho damaged the mirrors in her vehicle. (SOF §30) Ultimately, Defendant Arnony asked Mr. Camacho to come to the Berwyn Police Department (SOF §34) after which Mr. Camacho retained counsel. (See Doc. 1, par. 34-37). Mr. Camacho's counsel declined Defendant Arnony's invitation to come in. Defendant Arnony had an investigative alert flyer prepared regarding Mr. Camacho for the criminal damage to property allegation and on January 5, 2015, Manual Camacho was arrested by Defendant Keske pursuant to that investigative alert. (SOF §35, §42) Ms. Rodriguez was also arrested after she struck Officer Keske while he was in the process of arresting Mr. Camacho. (SOF §45) As a result, this lawsuit was filed. (See Doc. 1)

---

[1] Defendant Robinzine asserts these text messages were acquired illegally as violation of his privacy rights as well as other State and Federal laws and would be inadmissible at trial. Defendant Robinzine reserves all objections and later challenges to the introduction of these text messages.

[2] It should be noted that this text message stated Camacho would be arrested and there was no mention of Plaintiff Vanessa Rodriguez.

2

## STANDARD OF REVIEW

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). One of the principle purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex*, 477 U.S. at 323-24. This is done by pointing out an absence of evidence to support the non-moving party's case. *Id.* at 325. This does not mean there cannot be any dispute over any fact, only those that are material to the pending claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001).

Once a request is made, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial" by referring to the record. *Moore v. J.B. Hunt Transp., Inc.* 221 F.3d 944, 952 (7th Cir. 2000). These must be actual facts and more than just collective hunches, speculation, conjecture, and rumor. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008); *Anderson*, 477 U.S. at 248-49 (mere allegations and denials insufficient to ward off summary judgment). In other words, summary judgment is the "put up or shut up" time where the non-moving party must show the evidence it has that would convince a trier of fact to accept its version of events. *Springer*, 518 F.3d at 484; Steen v. Myers, 486 F.3d 1017, 1022 (7th Cir. 2007).

## ARGUMENT

### COUNT 1

In Count 1, the Plaintiffs allege a class-of-one claim under the Equal Protection Clause alleging that Defendants Robinzine, Arnony and Keske intentionally treated them different than others and were motivated by illegitimate animus against the Plaintiffs. (See Doc. 1, Count I, p. 9)

A class-of-one equal protection claim requires a plaintiff to establish they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Swanson, et. al., v. City of Chetek, et. al.*, 719 F.3d 780, 783-84 (7th Cir. 2013). When the claim is brought against police officers, a heightened showing of improper motive is necessary as some degree of discretion and "arbitrary" decision-making is unavoidable in law enforcement. See *Hans v. Zurick*, 578 F.3d 491, 495 (7th Cir. 2009) (discussing different degrees of discretion afforded to government employment decisions and law enforcement actions). A plaintiff must show that the "state actors lacked a rational basis for singling them out for intentionally discriminatory treatment." *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). Normally, a class-of-one plaintiff will show an absence of rational basis by identifying some comparator-that is, some similarly situated person who was treated differently." *Fares Pawn LLC v. Ind. Dep't of Fin, Insts.*, 755 F.3d 839, 845 (7th Cir. 2014). Although lacking a comparator is not fatal, see *Miller*, 784 F.3d at 1120, the plaintiff must then prove by evidence 'that the defendant deliberately sought to deprive [the plaintiff] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position. *Scherr v. City of Chicago*, 757 F.3d 593, 598 (7th Cir. 2014) (quoting *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007-08 (7th Cir. 2000). This must be one with "no rational reason or motive being imaginable or the injurious action taken by the defendant against the plaintiff, the action would be inexplicable unless animus ha motivated it." *Scherr*, 757 F.3d 593, 598; *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005). Put simply, to prevail, the plaintiff must "negative any reasonably conceivable state of facts that could provide a rational basis for the classification." *Lauth*, 424 F.3d at 634.

4

The Plaintiffs not only fail to identify any individuals similarly situated, they do not even proffer any evidence or even speculate as to how they were treated differently than others. In fact, as to Defendant Robinzine, Vanessa alleges he called her one time in February 2014. (SOF §56)

When Ms. Rodriguez was asked about Robinzine discriminating against her at her deposition the following occurred:

> Q. Can you tell me how he (Robinzine) discriminated against you.
>
> A. No.

(See Ex. 11, V. Rodriguez Dep. 218: 9-10), (SOF §61)

When Mr. Camacho was questioned as to how he was discriminated against at his deposition, the following was his response:

> Q. Now, one of your allegations is that you were discriminated against?
>
> A. Yes.
>
> Q. And were you discriminated based on being Hispanic?
>
> A. No, just based on knowing Margarita Rodriguez and knowing Robinzine.

(See Ex. 12, Camacho Dep. P. 273: 8-14), (SOF §61)

As the questions proceeded, Mr. Camacho further testified as follows:

> Well, let me rephrase. Do you believe you were discriminated based on you being a male?

5

>           A.    I    was   discriminated   against   by   knowing
> Mr. Robinzine and knowing Rubia Rodriguez.
>
>           Q.    Okay.  No other reason?
>
>           A.    No other reason.

(See Ex. 12 Camacho Dep. 273: 21-24, 274: 1-5), (SOF §61)

In addition, the Plaintiffs offer no evidence nor demonstrate any overt animus by Robinzine toward them. Demonstrating animus requires evidence of "deeply seeded animosity". See *Bell v. Duperrault*, 367 F.3d 703, 709 (7th Cir. 2004). Here, the Plaintiffs have shown no such evidence.

In order to prevail, a class-of-one plaintiff must show that (1) he has been intentionally treated differently than someone else who is similarly situated and (2) there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2002). It is plaintiff's burden to prove lack of rational basis by excluding all possible rational explanations for government action *Fares Pawn LLC v. Indiana Dep't of Financial Institutions.*, 755 F.3d 839, 845 (7th Cir. 2014).

Because the Plaintiffs cannot show any differential treatment and more importantly based on their own statements at their respective depositions, they offer no factual basis to support their discrimination claim. Therefore, the court should grant Defendant Robinzine's Motion for Summary Judgment as to Count I.

### COUNTS II, III, IV, XIII and IX

As to Count II (Due Process), (Doc. 1, Count II, p. 9-10); Count III (1983 Conspiracy); Count IV (State Conspiracy), (Doc. 1, Count IV, p. 11-12) Count XIII (Intentional Infliction of Emotional Distress) (Doc. 1, Count XIII, p. 15-16) and Count IX (Negligent Infliction of

Emotional Distress), (Doc. 1, Count IX, p. 16-17) each of these counts have an identical common threat; to wit:

> "The Defendant Officers conduct…included without limitation, around the clock surveillance of plaintiff's residence, stalking Plaintiffs while outside residence and on roadways, causing numerous bogus parking tickets to be issued to Plaintiffs, taking affirmative actions to have Plaintiffs arrested without probable cause as well as other acts of intimidation."[3]

The Plaintiffs offer very little factual basis in their Complaint and do not offer much more in their depositions to support allegations of:

- Around the clock surveillance of their home; (SOF §54, §57)
- Stalking Plaintiffs while outside their home and on the road; (SOF §52, §53, §57)
- The issuance of bogus parking tickets; (SOF §49)
- Arresting Plaintiffs without probable cause; (SOF §35, §47)
- As well as other acts of intimidation. (SOF §55, §56, §57, §61)

It is clear from the evidence or the absence of any such evidence, that Plaintiffs cannot offer any specific instances of Karlas Robinzine doing any surveillance of their home, that he ever stalked them at their home or on the road, that he ever issued them any parking ticket, that he ever arrested them (let alone without probable cause) or finally, any acts of intimidation by Robinzine.

The Plaintiffs plead in numerous portions their complaint "upon information and belief" but offer no specific instances of any acts attributable to Karlas Robinzine but for some text messages which occur 10 months after the alleged scheme started. (See Doc. 1, par. 15, 16, 18, 19, 26, 43 and 44).

---

[3] See Doc. 1 at Ct. II par. 62, Ct. III par. 66, Ct. IV, par. 72, Ct. XIII par. 93 and Ct. IX par. 101.

As to the conspiracy allegation, to plead a civil conspiracy the Plaintiff must allege facts to support an agreement between the defendants. *Kunik v. Racine City*, 946 F.2d 1574, 1580 (7th Cir. 1991). They have plead their conspiracy claim "upon information and belief" in alleging that the defendants conspired against them; however, they have offered no facts to support such a claim nor can they offer any evidence that Robinzine had any agreement with any other officer let alone the co-defendants The Plaintiffs allegations to support a conspiracy, now even after taking discovery, is woefully inadequate and is nothing more than mere speculation and conjecture as to any agreement.

As the basis for these counts referenced herein all flow from the same factual allegations and as there is no evidence of any factual support that Officer Robinzine ever did any surveillance on the Plaintiffs, that he ever stalked any of the Plaintiffs outside their home or on the road, that he ever issued any parking tickets to any of the plaintiffs, that he ever arrested any Plaintiff, that he ever intimidated any of the Plaintiffs and finally, no evidence of any agreement relative to any conspiracy claims, there are both no genuine dispute of facts and a glaring absence of facts as to all of these counts (counts II, III, IV, VIII and IX). While the Court must construe all facts in the light most favorable to the Plaintiffs as the non-moving party, See *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003), the Court is not required to draw every conceivable inference from the record. *Id*. Further, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion. Id. See also *Bell v. Duperrault*, 367 F3d 703, 707 (7th Cir. 2004). Because the allegations in these counts are absent of any factual basis and are only mere conjecture and/or speculation, this Honorable Court

8

should grant Summary Judgment as to Counts II, III, IV and XIII and IX as to Defendant Robinzine.[4]

## STATUTE OF LIMITATIONS

As to Counts IV, XIII and IX, as these relate to Illinois State law, they are governed by the Illinois Code of Civil Procedure. Pursuant to 745 ILCS 10/8-101, no civil action may be commenced against a local entity or any of its employees for any injury unless it is commenced within one (1) year from the date the injury was received or cause of action accrued. See *Williams v. Laupe*, 399 F.3d 867, 870 (7th Cir. 2005).

The Seventh Circuit has held that the accrual date for an Infliction of Emotional Distress claim accrues on the date of arrest. *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013). In this cause the date of arrest was January 5, 2015,(SOF §37) and the Complaint was filed May 10, 2016. (See Doc. 1, par 1). The one (1) year date for statute of limitations for our purposes expired on January 5, 2016. As this Complaint was filed over four (4) months after the statute had run on January 5, 2016, these counts are time barred. The Plaintiff had only until January 5, 2016 to file any state related claims, to wit: Count IV (State Conspiracy), Count XIII (Intentional Infliction of Emotional Distress) and Count IX (Negligent Infliction of Emotional Distress). As further support aside from the *Bridewell* ruling, the Plaintiffs testified at their depositions that the harassment stopped after they were arrested. (See Ex. 11 V. Rodriguez dep. 214: 5-6 and Ex. 12 Camacho dep. 265: 10-22) and (SOF §62). As such, based on the Plaintiffs testimony they would be time barred as well.

As these counts are time barred, Summary Judgment must be granted on this basis as to all defendants named in Counts IV, XIII and IX.

---

[4] Defendant Robinzine for the sake of brevity adopts all co-defendants Summary Judgment arguments as such pertains to any Counts in which he is named.

9

## CONCLUSION

Because there are no genuine issues as to any material facts and the Plaintiffs case rests on conjecture and speculation, summary judgment should be granted pursuant to Rule 56 in favor of Karlas Robinzine against all Plaintiffs on all Counts in which Defendant Robinzine is named as a defendant. In addition as to Counts VI, VIII and IX as these are state based claims, summary judgment must be granted as this cause was filed beyond the applicable statute of limitations allowed under 745 ILCS 10/8-101.

Respectfully submitted,

By: /s/ Edmund P. Wanderling
    EDMUND P. WANDERLING attorney for
    Karlas Robinzine

EDMUND P. WANDERLING
2505 S. Des Plaines Avenue
North Riverside, Illinois 60546
(708) 443-5400
Law6447@aol.com
#6190282